JAMES D. PETRUZZI (SBN 115175)
THE PETRUZZI LAW FIRM
4900 Woodway Drive, Suite 745
Houston, Texas 77056
Telephone: (713) 840-9993
Facsimile: (713) 877-9100

Attorneys for Plaintiff ENDOVENTION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ENDOVENTION, INC. | ) Case No.: _____ |
|---|---|
| Plaintiff, | ) COMPLAINT FOR PATENT INFRINGEMENT |
| vs. | ) JURY TRIAL DEMANDED |
| ANGIODYNAMICS, INC. | ) |
| Defendant. | ) |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff EndoVention, Inc. ("EndoVention") for his Complaint against Defendant AngioDynamics, Inc. ("Defendant") as follows:

**NATURE OF THE ACTION**

1. This is a patent infringement action in which plaintiff seeks compensatory damages, a reasonable royalty and declaratory and injunctive relief.

**JURISDICTION AND VENUE**

2. This action arises under the United States patent laws, 35 U.S.C. §§271 *et seq.*

3. This Court has original jurisdiction over the subject matter of this action pursuant to 28

1
COMPLAINT FOR PATENT INFRINGMENT

U.S.C. §§1331, 1338(a) and (b).

4. Venue is proper in this district under 28 U.S.C. §§1391(b) and (c) and 1400(b).

## PARTIES

5. EndoVention, Inc. is a corporation having a place of business at 2201 Pacific Avenue, Suite 706, San Francisco, California 94115.

6. On information and belief, AngioDynamics, Inc. is a corporation organized and existing under the laws of the State of New York, conducts business throughout the United States including this judicial district, and has its corporate headquarters at 14 Plaza Drive, Latham, New York 12110

7. AngioDynamics, Inc. can be served through its corporate officers at its corporate headquarters.

## FACTUAL ALLEGATIONS

8. EndoVention is, and at all times relevant hereto has been, a developer and innovator in the field of interventional radiology.

9. The corporation currently holds multiple United States Letters Patents and applications for innovations in venous drainage cannula medical devices and technology.

10. EndoVention's expandable lumens are medical devices and methods used for the removal of undesirable material from a tubular structure within the human body.

11. On information and belief, Defendant pursued with the United States Food and Drug Administration ("FDA") approval to market the AngioVac™ Cannula and Circuit.

12. On information and belief, quantities of the AngioVac™ Cannula and Circuit have been

2
COMPLAINT FOR PATENT INFRINGMENT

manufactured in the United States and sold in the United States. On information and belief, Defendant has treated thousands of patients worldwide with the AngioVac™ Cannula and Circuit.

13. On information and belief, Defendant has earned revenues in the United States from the AngioVac™ Cannula and Circuit.

14. EndoVention is the owner and assignee of U.S. Patent No. 5,908,435 entitled "Expandable Lumen Device and Method of Use" issued June 1, 1999 (hereinafter also referred to as "the '435 patent"), and U.S. Patent No. 6,159,230 entitled "Expandable Lumen Device and Method of Use" issued December 12, 2000 (hereinafter also referred to as "the '230 patent"). A copy of the patents are attached as Exhibits A and B.

## COUNT I - PATENT INFRINGEMENT

15. This is an action for patent infringement arising under the patent laws of the United States, Title 35 United States Code, Sections 271 *et seq*.

16. Jurisdiction of the subject matter of this action is established under 28 U.S.C. §§1331 and 1338. Venue is determined by 28 U.S.C. §§1391 and 1400.

17. On information and belief, Defendant has willfully and knowingly made, used, sold and/or offered for sale devices embodying the patented invention that constitute infringement of U.S. Patent No. 5,908,435 in violation of 35 U.S.C. §271, *et seq*. including claims 1 through 15.

**The 5,908,435 Patent**

18. U.S. Patent No. 5,908,435 entitled "Expandable Lumen Device and Method of Use" issued June 1, 1999 (hereinafter also referred to as "the '435 patent").

19. EndoVention owns all right, title and interest in, and has standing to sue for infringement of, the '435 patent.

20. Independent Claims 1 and 9 of the '435 patent are recited as follows:

*Claim 1.     A device for retrieving material from tubular structures within the human body comprising:*

*a) a cylindrical body defining a central lumen, the cylindrical body having a proximal portion and a distal portion, said distal portion being radially expandable and having an end with an opening;*

*b) an inflatable cuff attached to said end of said distal portion, said cuff when inflated causing the distal portion to move radially outward to expand the diameter of the opening in the end of the distal portion;*

*c) an inflation lumen in fluid communication with said inflatable cuff; and*

*d) means for inflating and deflating said inflatable cuff through said inflation lumen.*

*Claim 9.     An expandable lumen device for retrieving matter from tubular structures within the human body comprising:*

*a) a cylindrical body defining a central lumen with a distal opening, the cylindrical body having a proximal portion and a distal portion with said distal portion defined by a plurality of flexible members;*

*b) an inflatable cuff attached to said plurality of flexible members so that when said inflatable cuff is inflated the flexible members move radially outwardly so as to expand the distal opening of the central lumen;*

*c) an elastomeric membrane sleeve surrounding the plurality of flexible members so that said plurality of flexible members are drawn together when said inflatable cuff is deflated.*

*d) an inflation lumen in fluid communication with said inflatable cuff; and*

4
COMPLAINT FOR PATENT INFRINGMENT

*e) means for inflating and deflating said inflatable cuff through the inflation lumen.*

21. In addition to claims 1 and 9, the '435 patent includes dependent claims 2-8 and 10-15. For reference dependent claims 7 and 8 of the '435 patent are recited as follows:

*Claim 7.    The device of claim 1 wherein said distal portion includes a plurality of flexible members, said flexible members moving radially outwards so as to expand the opening of the end of the distal portion when said inflatable cuff is inflated.*

*Claim 8.    The device of claim 7 wherein said plurality of flexible members are surrounded by an elastomeric membrane sleeve so that the members are drawn together when said inflatable cuff is deflated.*

22. Claims 1-15 of the '435 patent are presumed valid and enforceable pursuant to 35 U.S.C. § 282.

23. Plaintiff seeks damages for Defendant's infringement in an amount no less than a reasonable royalty.

## **COUNT II - PATENT INFRINGEMENT**

24. This is an action for patent infringement arising under the patent laws of the United States, Title 35 United States Code, Sections 271 *et seq*.

25. Jurisdiction of the subject matter of this action is established under 28 U.S.C. §§1331 and 1338. Venue is determined by 28 U.S.C. §§1391 and 1400.

26. On information and belief Defendant has willfully and knowingly made, used, sold and/or offered for sale devices embodying the patented invention that constitute infringement of U.S. Patent No. 6,157,230 in violation of 35 U.S.C. §271, *et seq*. including at least claims 1, 2, 3, 6, 7, 13-16, 18 and19.

27. Plaintiff seeks damages for Defendant's infringement in an amount no less than a reasonable royalty.

28. U.S. Patent No. 6,159,230 entitled "Expandable Lumen Device and Method of Use" issued December 12, 2000 (hereinafter also referred to as "the '230 patent").

29. EndoVention owns all right, title and interest in, and has standing to sue for infringement of, the '230 patent.

30. Independent Claims 1 and 13 of the '230 patent are recited as follows:

*Claim 1.   A method for retrieving material from tubular structures within the human body comprising the steps of:*

*a) inserting a guide wire into the tubular structure;*

*b) guiding a catheter featuring an expandable lumen opening along the guide wire proximate to the material;*

*c) expanding the lumen opening to a size sufficient to permit the material to be received in the lumen; and*

*d) moving the material into the lumen opening..*

*Claim 13.   A method for retrieving matter from tubular structures within the human body comprising the steps of:*

*a) inserting a guide wire into the tubular structure;*

*b) guiding a catheter featuring a tip with an expandable lumen opening along the guide wire to a position proximate to the material;*

*c) expanding the lumen opening so that a circumferential occlusive seal is formed between the catheter tip and an inner surface of the tubular structure; and.*

*d) receiving the material in the lumen opening due at least in part to a reversed flow in the tubular structure proximate to the catheter tip as a result of step c).*

31. In addition to claims 1 and 13, the '230 patent includes dependent claims 2-12 and 14-24. For reference dependent claim 3 of the '230 patent is recited as follows:

*Claim 3. The method of Claim 2 further comprising the step of attaching an inflatable cuff to the catheter in a position proximate to the expandable lumen opening and wherein the lumen opening is expanded in step c) by inflating the cuff and the lumen opening is contracted in step e) b deflating the cuff.*

32. Claims 1-24 of the '230 patent are presumed valid and enforceable pursuant to 35 U.S.C. § 282.

**C.     AngioDynamic's AngioVac™ Cannula and Circuit**

33. Defendant manufactures and sells the Venous Drainage Cannula and Cardiopulmonary Bypass Circuit. The AngioVac™ Cannula is designed with a balloon-actuated, expandable funnel shaped distal tip. The proprietary funnel shaped tip enhances venous drainage flow when the balloon is inflated, prevents clogging of the cannula with commonly encountered soft, fresh thrombi or emboli, and facilitates en bloc removal of such extraneous material.

34. Defendant describes its AngioVac™ Cannula and Circuit as including a "Venous Drainage Cannula and the Cardiopulmonary Bypass Circuit."

35. AngioVac™ Cannula and Circuit as advertised at the website: www.angiodynamics.com.

**D. Defendant's Patent 8,075,510**

36. Defendant owns United States Patent No. 8,075,510 (Defendant's '510 patent), entitled, "Systems and Methods for Removing Undesirable Material Within a Circulatory System."

7
COMPLAINT FOR PATENT INFRINGMENT

37.     The effective filing dates of the '435 patent predates Defendant's '510 patent because the '435 patent claims priority of Application No. 08/956,951 filed on October 23, 1997, more than ten (10) years before the Defendant's '510 Patent filing date of August 6, 2008.

38.     The effective filing date of the '230 patent predates Defendant's '510 patent because the '230 patent claims priority of Application No. 08/956,951 filed on October 23, 1997 and has a filing date of May 28, 1999, more than nine (9) years before the Defendant's '510 Patent filing date of August 6, 2008.

39.     AngioVac™ Cannula and Circuit that are manufactured by Defendant are marked with Defendant's '510 patent.

40.     On its website, Defendant represents that AngioVac™ Cannula and Circuit is covered by Defendant's '510 patent.

41.     Figures 2A-H of Defendant's '510 patent are claimed to illustrate a distal end of a suction cannula in operation in connection with the system shown in the patent.

42.     Figures 3A-B of Defendant's '510 patent are claimed to illustrate an alternate distal end of a suction cannula used in connection with the system shown in the patent. Figure 3A shows an embodiment of the '510 invention:



8
COMPLAINT FOR PATENT INFRINGMENT

43.     In Defendant's '510 patent, the system and method for removing undesirable material with a circulatory system is described as follows:  *"The first cannula may be designed for maneuvering within the vessel to a site of interest, such that an undesirable material can be captured substantially en bloc through the distal end and removed along the first cannula away from the site.  The system may also include a pump, in fluid communication with the proximal end of the first cannula, so as to provide sufficient force for removing the undesirable material from the site of interest."* (Col. 5, lns.28-36)

**E. AngioVac™ Cannula and Circuit Infringes the '435 and '230 Patents**

44.     Defendant has been, and is now, making, using, selling, offering for sale within the United States, and/or importing into the United States products including the AngioVac™ Cannula and Circuit.

45.     Defendant has manufactured, made, had made, used, practiced, imported, sold and/or offered for sale products including AngioVac™ Cannula and Circuit that infringe, either literally or under the doctoring of equivalents, at least claims 1-15 of the '435.

46.     Defendant has directly infringed and continues to directly infringe at least claims 1, 2, 3, 6, 7, 13-16, 18 and 19 of the '230 patents under 35 U.S.C. § 271(a) by at least practicing the method described in those claims.

47.     As a direct and proximate result of Defendant's infringement of the '435 and '230 patents, EndoVention has suffered, and will continue to suffer, serious irreparable injury for which EndoVention is entitled to recover damages adequate to compensate it for such infringement, but in no event, less than reasonable royalty.

48. To the extent required by law, EndoVention complied with the provisions of 35 U.S.C. § 287 with respect to the '435 and '230 patents.

49. Defendant has been aware of the '435 and '230 patent since at least February 2009.

50. Despite having knowledge of the '435 and '230 patents, Defendant continued its unlicensed and unauthorized infringement with no regard for the '435 and '230 patents.  This infringement continued despite an objectively high likelihood that Defendant's actions would constitute infringement of the '435 and '230 patents.  This objectively high likelihood of infringement was known to Defendant, or so obvious that it should have been known to Defendant.  To date, Defendant has not presented any competent advice of counsel upon which it has relief; nor has it presented any reasonable defence of non-infringement, invalidity, or unenforceability.  Defendant's infringement of the '435 and '230 patents under 35 U.S.C. 271(s) is therefore wilful, deliberate, and objectively reckless.

51. Defendant's infringement of the '435 and '230 patents has injured and will continue to injure EndoVention unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining Defendant's further manufacturing, sale and use of the products, services and technologies that infringe the claimed methods and systems of the '435 and '230 patents.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff EndoVention prays for judgment as follows:

A. Adjudging that Defendant has infringed, contributorily infringed, and actively induced infringement of the '435 and '230 patents, and that such infringement, contributory

10
COMPLAINT FOR PATENT INFRINGMENT

infringement, and active inducement of infringement have been willful;

B. Declaring and adjudging that the manufacture, use, sale, and/or offer for sale of the AngioVac™ Cannula and Circuit constitutes infringement, contributory infringement, and active inducement of infringement of the '435 and '230 patents;

C. Enjoining Defendant, its officers, directors, employees, attorneys, agents, representatives, parents, subsidiaries, affiliates, and all other persons acting in concert, participation, or privity with it, and its successors and assigns, from infringing, contributorily infringing, and/or inducing others to infringe the '435 and '230 patents;

D. Enjoining Defendant, its officers, directors, employees, attorneys, agents, representatives, parents, subsidiaries, affiliates, and all other persons acting in concert, participation, or privity with them, and its successors and assigns, from continuing to use and/or derive commercial advantage from infringement of EndoVention patent;

E. Awarding EndoVention damages adequate to compensate it for infringement of the '435 and '230 patents, increased threefold for willfulness, together with interest and costs, pursuant to 35 U.S.C. § 284;

F. Adjudging this to be an exceptional case and awarding EndoVention its attorney fees pursuant to 35 U.S.C. §285; and

G. Awarding EndoVention such other and further relief as this Court may deem just and proper.

Dated: November 21, 2014

        /James D. Petruzzi/
JAMES D. PETRUZZI (SBN 115175)
**THE PETRUZZI LAW FIRM**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

       4900 Woodway, Suite 745
       Houston, Texas  77056
       Telephone: (713) 840-9993
       Facsimile: (713) 877-9100
       JDPetruzzi@gmail.com
       Attorneys for Plaintiff
       ENDOVENTION, INC.

## PLAINTIFF'S JURY DEMAND

Plaintiff demands a trial by jury on all issues that may be so tried.

                                          /James D. Petruzzi  
                                          James D. Petruzzi